United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20898
Summary Calendar

ROBERT HOLZWARTH,

                                        Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3246
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Robert Holzwarth, Texas prisoner # 747140, was convicted of
aggravated sexual assault after a jury trial and was sentenced to
18 years of imprisonment and fined $5,000.  He appeals the
district court's denial of his 28 U.S.C. § 2254 application.  We
granted a certificate of appealability to determine whether
Holzwarth received ineffective assistance of counsel during the
punishment phase of trial due to his counsel's failure to
investigate the victim's medical records.  The medical records

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could have been used to impeach the victim's testimony that she had contracted genital warts, suffered a miscarriage, and had to have a hysterectomy following the assault.

Under the Antiterrorism and Effective Death Penalty Act, a state court's adjudication of an issue on the merits is entitled to deference. Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000). The petitioner has the burden of rebutting the state court's findings by clear and convincing evidence. § 2254(e)(1). We must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (d)(2); see Price v. Vincent, 538 U.S. 634, 639 (2003). Holzwarth has not met his burden of showing that the state court's determination that he was not prejudiced by counsel's failure to investigate the victim's medical records was unreasonable. See § 2254(e)(1); Strickland v. Washington, 466 U.S. 668, 687, 694, 697 (1984). Accordingly, we affirm the denial of Holzwarth's § 2254 application.

AFFIRMED.